IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARJIT BHAMBRA,

    Plaintiff,

  vs.                               No. CIV. S-09-1097 LKK GGH PS

CLIFFORD NEWELL, et al.,

    Defendants.           ORDER

_____/

        Plaintiff has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff has failed to provide an answer to the request for information about his current wages, including pay period, and name and address of employer. Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

        Even had plaintiff completed this court's form application to proceed in forma pauperis, and demonstrated a proper basis to proceed without prepayment of funds, this court would not permit the action to proceed upon the present complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

1

1 granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2 § 1915(e)(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28
5 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
7 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8 pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
9 Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

10       A complaint must contain more than a "formulaic recitation of the elements of a
11 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
12 speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>,550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
13 "The pleading must contain something more...than...a statement of facts that merely creates a
14 suspicion [of] a legally cognizable right of action."  <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal
15 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this
16 standard, the court must accept as true the allegations of the complaint in question, <u>Hospital
17 Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light
18 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v.
19 McKeithen</u>, 395 U.S. 411, 421 (1969).

20       The court finds the allegations in plaintiff's "complaint" so vague and conclusory
21 that it is unable to determine whether the current action is frivolous or fails to state a claim for
22 relief.  The court has determined that the complaint does not contain a short and plain statement
23 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
24 policy, a complaint must give fair notice and state the elements of the claim plainly and
25 succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
26 must allege with at least some degree of particularity overt acts which defendants engaged in that

support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the complaint as submitted is overly length at 52 pages long. On amendment, plaintiff shall limit his pleading to 20 pages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, either a completed application and affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply

with this order will result in a recommendation that this action be dismissed.

      2. Plaintiff shall also submit an amended complaint. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

      3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis.

DATED: June 4, 2009

                                 /s/ Gregory G. Hollows

                                 GREGORY G. HOLLOWS
                                 UNITED STATES MAGISTRATE JUDGE

GGH/076
Bhambra1097.ifp.wpd